## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>SANDERS FAMILY ENTERPRISES, INC.,<br><br>        Debtor.<br><br>_____<br><br>CATHY L. SCARVER, CHAPTER 7 TRUSTEE FOR SANDERS FAMILY ENTERPRISES, INC.,<br><br>        Plaintiff,<br><br>        v.<br><br>CATHERINE R. SANDERS and JASON D. SANDERS,<br><br>        Defendants. | Chapter 7<br><br>Case No. 18-57952-wlh<br><br>_____<br><br><br><br><br><br><br><br>Adv. Pro. No. _____ |

## <u>COMPLAINT</u>

**COMES NOW** Cathy L. Scarver, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate of Sanders Family Enterprises, Inc. ("**SFE**"), through her undersigned attorneys, by way of the Complaint ("**Complaint**") against Catherine R. Sanders and Jason D. Sanders, and respectfully alleges as follows:

## <u>JURISDICTION AND VENUE</u>

1.      This adversary proceeding is commenced pursuant to Rules 7001, *et seq.* of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") and Sections 544, 546, 547, 548, and/or 550 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* ("**Bankruptcy Code**").

2.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b), in that it relates to *Sanders Family Enterprises, Inc.*, Case No. 18-57952-wlh, Chapter 7 bankruptcy case, pending in the U.S. Bankruptcy Court for the Northern District of Georgia, Atlanta Division. This adversary proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. 157(b). Trustee consents to the Bankruptcy Court entering final orders and judgment in this adversary proceeding.

3.     Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

4.     SFE was a Georgia corporation with its principal place of business located at 9925 Haynes Bridge Road, Suite 110, Johns Creek, GA, 30022.

5.     On May 9, 2018 ("**Petition Date**"), SFE filed a Chapter 7 petition initiated the above-captioned Chapter 7 case, after which Trustee was named as the Chapter 7 Trustee of the SFE bankruptcy estate ("**Estate**") to oversee the orderly liquidation of SFE's assets, including the pursuit of avoidance actions under Sections 544, 546, 547, 548, and/or 550 of the Bankruptcy Code.

6.     Defendant Jason D. Sanders, an insider of SFE as one of SFE's owners and the former spouse of co-defendant Catherine R. Sanders, is a Georgia resident with his primary residence located at 905 Sandpiper Road, Savannah, GA 31410.

7.     Defendant Catherine R. Sanders, an insider of SFE as one of SFE's owners and the former spouse co-defendant Jason D. Sanders, is a Georgia resident with her primary residence located at 5229 Byers Road, Alpharetta, GA, 30022-7490.

4841-4815-3297, v. 1

**Facts Common to all Counts**

8. SFE was formed in 2013.

9. As of the Petition Date, Mr. Sanders owned 47.5% of the outstanding shares of SFE, Mrs. Sanders owned 47.5% of the outstanding shares of SFE and Adam Stevens owned 5% of the outstanding shares of SFE.

10. Prior to the Petition Date, SFE was a party to franchise agreements with The Exercise Coach and operated two personal training studios, one in Johns Creek, Georgia, and one in Roswell, Georgia.

11. Prior to the Petition Date, SFE's accountant was Eddie Waters, Jr., of H20 Accounting Services, LLC ("H20").

12. Based on the records provided to Trustee by H20, it appears that Mr. Waters and H20 started as SFE's accountant in 2015, in that the document production from Mr. Waters and H20 begins with the 2015 tax year.

13. Trustee has been unable to obtain internal accounting records from SFE. Therefore, other than bank account and credit card statements produced by Wells Fargo and American Express, Trustee does not have any SFE financial records prior to 2015.

14. From May 2014 to May 2018, SFE utilized a bank account with Wells Fargo ending in 0793 ("**0793 Account**").

15. In April 2018, SFE opened two new accounts at Wells Fargo, allegedly one for each location, ending in 4875 ("**4875 Account**") and 3958 ("**3958 Accoun**t") respectively.

16. SFE stopped operating shortly before the Petition Date.

4841-4815-3297, v. 1

17.     SFE borrowed substantial amounts to purchase equipment from the franchisor and to make tenant improvements to the two studio locations.

18.     According to testimony at the Meeting of Creditors for SFE's authorized representation, Eugene Moss Robertson, SFE was never able to build the customer base that it needed in order to generate a profit.

19.     At all times relevant to this matter, and possibly at all times since its inception, SFE was insolvent.

20.     As of the Petition Date, SFE owed its creditors over $127,000.00 and had assets of less than $34,000.00.

21.     After the filing of the Schedules, the Court set a proof of claim deadline, and a total of $115,349.46 in unsecured claims were filed, of which $1,957.09 assert priority status.

**COUNT I – Avoidance of Insider Preferential Transfers Pursuant to 11 U.S.C. § 547**

*Account ending in 9867*

22.     Trustee repeats and reasserts the allegations of the foregoing paragraphs as if set forth fully herein.

23.     Beginning in 2017, one or both of the Defendants began transferring money into SFE's bank accounts, from a Wells Fargo[1] brokerage account belonging to one or more of the Defendants, ending in 9867.

24.     Through and including April 9, 2018, the transfers into SFE's bank accounts total $53,974.00 ("**Infusions**").

---

[1] Trustee understands that Wells Fargo brokerage accounts are held and managed by Wells Fargo Clearing Services, LLC.

4841-4815-3297, v. 1

25.     Pursuant to SFE"s 2017 financial statement ("**2017 Statement**"), produced to Trustee by SFE's accountant, the Infusions were treated as capital infusions by one or more of the Defendants, in that there are no listed liabilities owed to any of SFE's owners, including the Defendants, on the 2017 Statement.

26.     Further, SFE did not schedule any debts owed to Defendants.

27.     To the extent Defendants can establish that the Infusions were in fact a loan from one or both of the Defendants rather than capital infusion, and without Trustee admitting the same, on or within one year prior to the Petition Date ("**Insider Preference Period**"), SFE made one or more transfers to one or more of the Defendants to the account ending in 9867, in the aggregate amount of $19,537.25 ("**Insider Preference Transfers**").

28.     The Insider Preference-Transfers were transfers of an interest in SFE's property.

29.     To the extent one or more of the Defendants can establish one or both were a creditor, the Insider Preference Transfers were to or for the benefit of one or more of the Defendants, which was a creditor of SFE at the time of each Insider Preference Transfer.

30.     To the extent one or more of the Defendants can establish one or both were a creditor, the Insider Preference Transfers were for or on account of an antecedent debt owed by SFE to one or more of the Defendants before each of the Insider Preference Transfers was made.

31.     The Insider Preference Transfers were made while PTI was insolvent.

32.     The Insider Preference Transfers expanded the scope of one or both of the Defendants' interest in SFE's property, which enabled one or both of the Defendants to receive more than one or both of the Defendants would have received if (a) the Bankruptcy Case was a case under Chapter 7 of the Bankruptcy Code; (b) the Insider Preference Transfers had not been

made; and (c) one or both of the Defendants had received payment on the debt to the extent provided by the Bankruptcy Code.

33.    Under Section 547 of the Bankruptcy Code, Trustee is entitled to an order and judgment avoiding the Insider Preference Transfers.

**COUNT II – Avoidance of Transfers Pursuant to 11 U.S.C. § 548(a)(1)(A)**

34.    Trustee repeats and reasserts the allegations of the foregoing paragraphs as if set forth fully herein.

35.    Between February 2017 and April 2018, SFE made one or more transfers to one or more of the Defendants to the account ending in 9867, in the aggregate amount of $27,787.25 ("**9867 Account Transfers**").

36.    Further, during the time frame May 9, 2014, through May 8, 2018, SFE made payments to American Express in the total amount of $104,820.21, for charges made on American Express Credit Cards issued to SFE and Jason Sanders, as well as SFE and Catherine Sanders.

37.    While certain charges on the American Express Credit Cards appear to be business related, many of the charges, particularly in 2014 before the change in accountant, appear to be personal in nature including charges at grocery stores, gas stations, for clothes, shoes, make-up, and chiropractic services, as well as possible expenses related to children ("**AmEx Personal Charges**").

38.    The payments to American Express, in an amount to be determined at trial in this matter, for the AmEx Personal Charges were made to or for the benefit of Defendants and not SFE ("**AmEx Personal Charge Transfers**").

39.    Further, during the time frame May 9, 2014, through May 8, 2018, SFE made payments to Wells Fargo in the total amount of $5,001.00, for charges made on a Wells Fargo

credit card account ending in 3207 ("**3207 Account**") issued to Jason Sanders and Catherine Sanders.

40.     The charges on the 3027 Account are personal in nature ("**3207 Personal Charges**").

41.     The payments to Wells Fargo, in the amount of $5,001.00, for the 3207 Personal Charges were made to or for the benefit of Defendants and not SFE ("**3207 Personal Charge Transfers**").

42.     Further, during the time frame May 9, 2014, through May 8, 2018, SFE made payments to Wells Fargo in the total amount of $37,134.08, for charges made on a Wells Fargo credit card account ending in 5783 ("**5783 Account**") issued to SFE and Catherine Sanders.

43.     While certain charges on the 5783 Account appear to be business related, many of the charges appear to be personal in nature including charges at grocery stores, gas stations, and restaurants, and for clothes and shoes ("**5783 Personal Charges**").

44.     The payments to Wells Fargo, in an amount to be determined at trial in this matter, for the 5783 Personal Charges were made to or for the benefit of Defendants and not SFE ("**5783 Personal Charge Transfers**").

45.     Further, during the time frame May 9, 2014, through May 8, 2018, SFE made payments to Wells Fargo in the total amount of $15,171.42, for charges made on a Wells Fargo credit card account ending in 5791 ("**5791 Account**") issued to SFE and Jason Sanders.

46.     While certain charges on the 5791 Account appear to be business related, many of the charges appear to be personal in nature including charges at grocery stores, gas stations, and restaurants ("**5791 Personal Charges**").

47.     The payments to Wells Fargo, in an amount to be determined at trial in this matter, for the 5791 Personal Charges were made to or for the benefit of Defendants and not SFE ("**5791 Personal Charge Transfers**").

48.     Further, during the time frame May 9, 2014, through May 8, 2018, SFE made payments to Wells Fargo in the total amount of $4,822.00 for charges made on a Wells Fargo credit card account ending in 5130 ("**5130 Account**") issued to SFE and Jason Sanders.

49.     While certain charges on the 5130 Account appear to be business related, many of the charges appear to be personal in nature including charges at grocery stores, gas stations and restaurants ("**5130 Personal Charges**").

50.     The payments to Wells Fargo, in an amount to be determined at trial in this matter, for the 5130 Personal Charges were made to or for the benefit of Defendants and not SFE ("**5130 Personal Charge Transfers**").

51.     Further, during the time frame May 9, 2014, through May 8, 2018, SFE made payments to Wells Fargo in the total amount of $17,772.00 for charges made on a Wells Fargo credit card account ending in 5122 ("**5122 Account**") issued to SFE and Catherine Sanders.

52.     While certain charges on the 5122 Account appear to be business related, many of the charges appear to be personal in nature including charges at grocery stores, gas stations, and restaurants, and for clothes and shoes ("**5122 Personal Charges**").

53.     The payments to Wells Fargo, in an amount to be determined at trial in this matter, for the 5122 Personal Charges were made to or for the benefit of Defendants and not SFE ("**5122 Personal Charge Transfers**").

54.     Further, from May 9, 2014 through May 8, 2018, SFE made transfers out of the 0793 Account to or for the benefit of Defendants in an amount not less than $30,393.044 ("**0793

**Transfers**, collectively with the 9867 Account Transfers, the AmEx Personal Charge Transfers, the 3207 Personal Charge Transfers, the 5783 Personal Charge Transfers, the 5791 Personal Charge Transfers, the 5130 Personal Charge Transfers, and the 5122 Personal Charge Transfers, the "**Actual Fraudulent Transfers**").

55.     One or more of the Defendants caused SFE to make the Actual Fraudulent Transfers with actual intent to hinder, delay, or defraud creditors.

56.     Under Section 548(a)(1)(A) of the Bankruptcy Code, Trustee is entitled to an order and judgment avoiding the Actual Fraudulent Transfers, in an amount to be determined at trial.

## COUNT III – Avoidance of Transfers Pursuant to 11 U.S.C. § 548(a)(1)(B)

57.     Trustee repeats and reasserts the allegations of the foregoing paragraphs as if set forth fully herein.

58.     Between February 2017 and April 2018, SFE made the 9867 Transfers to one or more of the Defendants.

59.     Further, during the time frame May 9, 2014, through May 8, 2018, SFE made payments to American Express in the total amount of $104,820.21, for charges made on American Express Credit Cards issued to SFE and Jason Sanders, as well as SFE and Catherine Sanders.

60.     While certain charges on the American Express Credit Cards appear to be business related, many of the charges, particularly in 2014 before the change in accountant, appear to be AmEx Personal Charges.

61.     The AmEx Personal Charge Transfers were made to or for the benefit of Defendants and not SFE.

4841-4815-3297, v. 1

62.     Further, during the time frame May 9, 2014, through May 8, 2018, SFE made payments to Wells Fargo in the total amount of $5,001.00, for charges made on the 3207 Account issued to Jason Sanders and Catherine Sanders.

63.     The 3207 Personal Charges are personal in nature.

64.     The 3207 Personal Charge Transfers were made to or for the benefit of Defendants and not SFE.

65.     Further, during the time frame May 9, 2014, through May 8, 2018, SFE made payments to Wells Fargo in the total amount of $37,134.08, for charges made on the 5783 Account.

66.     While certain charges on the 5783 Account appear to be business related, the 5783 Personal Charges are personal in nature.

67.     The 5783 Personal Charge Transfers were made to or for the benefit of Defendants and not SFE.

68.     Further, during the time frame May 9, 2014, through May 8, 2018, SFE made payments to Wells Fargo in the total amount of $15,171.42, for charges made on the 5791 Account.

69.     While certain charges on the 5791 Account appear to be business related, the 5791 Personal Charges appear to be personal in nature.

70.     The 5791 Personal Charge Transfers were made to or for the benefit of Defendants and not SFE.

71.     Further, during the time frame May 9, 2014, through May 8, 2018, SFE made payments to Wells Fargo in the total amount of $4,822.00 for charges made on the 5130 Account.

72.     While certain charges on the 5130 Account appear to be business related, the 5130 Personal Charges appear to be personal in nature.

4841-4815-3297, v. 1

73.     The 5130 Personal Charge Transfers were made to or for the benefit of Defendants and not SFE.

74.     Further, during the time frame May 9, 2014, through May 8, 2018, SFE made payments to Wells Fargo in the total amount of $17,772.00 for charges made on the 5122 Account.

75.     While certain charges on the 5122 Account appear to be business related, the 5122 Personal Charges appear to be personal in nature.

76.     The **5122** Personal Charge Transfers were made to or for the benefit of Defendants and not SFE.

77.     Further, from May 9, 2014 through May 8, 2018, SFE made the 0793 Transfers to or for the benefit of Defendants.

78.     SFE received less than a reasonably equivalent value in exchange for the 0793 Transfers, collectively with the 9867 Account Transfers, the AmEx Personal Charge Transfers, the 3207 Personal Charge Transfers, the 5783 Personal Charge Transfers, the 5791 Personal Charge Transfers, the 5130 Personal Charge Transfers, and the 5122 Personal Charge Transfers, the "**Voidable Transfers**."

79.     SFE was insolvent on the dates that the Voidable Transfers were made or became insolvent as a result of the Voidable Transfers.

80.     Alternatively, SFE made such transfer to or for the benefit of an insider, under an employment contract and not in the ordinary course of SFE's business.

81.     Under Section 548(a)(1)(B) of the Bankruptcy Code, Trustee is entitled to an order and judgment avoiding the Voidable Transfers, in an amount to be determined at trial.

4841-4815-3297, v. 1

## COUNT IV – Avoidance of Insider Preferential Transfers
### Pursuant to 11 U.S.C. § 544 and O.C.G.A. § 18-2-75(b)

*Account ending in 9867*

82.    Trustee repeats and reasserts the allegations of the foregoing paragraphs as if set forth fully herein.

83.    Between February 2017 and April 2018, SFE made one or more transfers to one or more of the Defendants to the account ending in 9867, in the aggregate amount of $27,787.25 ("**GA Insider Preference Transfers**") to the Defendants.

84.    To the extent one or more of the Defendants can establish one or both were a creditor, the indebtedness arose before the GA Insider Preference Transfers were made.

85.    To the extent one or more of the Defendants can establish one or both were a creditor, the GA Insider Preference Transfers were made for the antecedent indebtedness.

86.    SFE was insolvent on the dates that the GA Insider Preference Transfers were made or became insolvent as a result of the GA Insider Preference Transfers.

87.    Defendants were insiders and one or both of the Defendants ad reasonable cause to believe that the SFE was insolvent.

88.    Under Section 544 of the Bankruptcy Code and O.C.G.A. § 18-2-75(b), Trustee is entitled to an order and judgment avoiding GA Insider Preference Transfers.

## COUNT V – Avoidance of Transfers Pursuant to 11 U.S.C. § 544 and O.C.G.A. § 18-2-74

89.    Trustee repeats and reasserts the allegations of the foregoing paragraphs as if set forth fully herein.

90.    Between February 2017 and April 2018, SFE made the 9867 Account Transfers to the Defendants.

4841-4815-3297, v. 1

91.     Further, during the time frame May 9, 2014, through May 8, 2018, SFE made payments to American Express in the total amount of $104,820.21, for charges made on American Express Credit Cards issued to SFE and Jason Sanders, as well as SFE and Catherine Sanders.

92.     While certain charges on the American Express Credit Cards appear to be business related, the AmEx Personal Charges appear to be personal in nature.

93.     The AmEx Personal Charge Transfers were made to or for the benefit of Defendants and not SFE.

94.     Further, during the time frame May 9, 2014, through May 8, 2018, SFE made payments to Wells Fargo in the total amount of $5,001.00, for charges made on the 3207 Account.

95.     The 3207 Personal Charges on the 3027 Account are personal in nature.

96.     The 3207 Personal Charge Transfers made to or for the benefit of Defendants and not SFE.

97.     Further, during the time frame May 9, 2014, through May 8, 2018, SFE made payments to Wells Fargo in the total amount of $37,134.08, for charges made on the 5783 Account.

98.     While certain charges on the 5783 Account appear to be business related, the 5783 Personal Charges are personal in nature.

99.     The 5783 Personal Charge Transfers were made to or for the benefit of Defendants and not SFE.

100.     Further, during the time frame May 9, 2014, through May 8, 2018, SFE made payments to Wells Fargo in the total amount of $15,171.42, for charges made on the 5791 Account.

101.     While certain charges on the 5791 Account appear to be business related, the 5791 Personal Charges are personal in nature.

102.    The 5791 Personal Charge Transfers were made to or for the benefit of Defendants and not SFE.

103.    Further, during the time frame May 9, 2014, through May 8, 2018, SFE made payments to Wells Fargo in the total amount of $4,822.00 for charges made on the 5130 Account.

104.    While certain charges on the 5130 Account appear to be business related, the 5130 Personal Charges are personal in nature.

105.    The 5130 Personal Charge Transfers were made to or for the benefit of Defendants and not SFE.

106.    Further, during the time frame May 9, 2014, through May 8, 2018, SFE made payments to Wells Fargo in the total amount of $17,772.00 for charges made on the 5122 Account.

107.    While certain charges on the 5122 Account appear to be business related, the 5122 Personal Charges are personal in nature.

108.    The 5122 Personal Charge Transfers were made to or for the benefit of Defendants and not SFE.

109.    Further, from May 9, 2014 through May 8, 2018, SFE made the 0793 Transfers, collectively with the 9867 Account Transfers, the AmEx Personal Charge Transfers, the 3207 Personal Charge Transfers, the 5783 Personal Charge Transfers, the 5791 Personal Charge Transfers, the 5130 Personal Charge Transfers, and the 5122 Personal Charge Transfers, the "**GA Actual Fraudulent Transfers,**" to or for the benefit of Defendant

110.    One or more of the Defendants caused SFE to make the GA Actual Fraudulent Transfers with actual intent to hinder, delay, or defraud creditors.

4841-4815-3297, v. 1

111.    Under Section 544 of the Bankruptcy Code and Section 18-2-74 of the Georgia Code, Trustee is entitled to an order and judgment avoiding the GA Actual Fraudulent Transfers, in an amount to be determined at trial.

<b>COUNT VI – Avoidance of Transfers Pursuant to<br>11 U.S.C. § 544 and O.C.G.A. § 18-2-75(a)</b>

112.    Trustee repeats and reasserts the allegations of the foregoing paragraphs as if set forth fully herein.

113.    Between February 2017 and April 2018, SFE made the 9867 Account Transfers to the Defendants.

114.    Further, during the time frame May 9, 2014, through May 8, 2018, SFE made payments to American Express in the total amount of $104,820.21, for charges made on American Express Credit Cards issued to SFE and Jason Sanders, as well as SFE and Catherine Sanders.

115.    While certain charges on the American Express Credit Cards appear to be business related, the AmEx Personal Charges are personal in nature.

116.    The AmEx Personal Charge Transfers were made to or for the benefit of Defendants and not SFE.

117.    Further, during the time frame May 9, 2014, through May 8, 2018, SFE made payments to Wells Fargo in the total amount of $5,001.00, for charges made the 3207 Account.

118.    The 3207 Personal Charges are personal in nature.

119.    The 3207 Personal Charge Transfers were made to or for the benefit of Defendants and not SFE.

120.    Further, during the time frame May 9, 2014, through May 8, 2018, SFE made payments to Wells Fargo in the total amount of $37,134.08, for charges made on the 5783 Account.

4841-4815-3297, v. 1

121.    While certain charges on the 5783 Account appear to be business related, the 5783 Personal Charges are personal in nature.

122.    The 5783 Personal Charge Transfers were made to or for the benefit of Defendants and not SFE.

123.    Further, during the time frame May 9, 2014, through May 8, 2018, SFE made payments to Wells Fargo in the total amount of $15,171.42, for charges made on the 5791 Account.

124.    While certain charges on the 5791 Account appear to be business related, the 5791 Personal Charges are personal in nature.

125.    The 5791 Personal Charge Transfers were made to or for the benefit of Defendants and not SFE.

126.    Further, during the time frame May 9, 2014, through May 8, 2018, SFE made payments to Wells Fargo in the total amount of $4,822.00 for charges made on the 5130 Account.

127.    While certain charges on the 5130 Account appear to be business related, the 5130 Personal Charges are personal in nature.

128.    The 5130 Personal Charge Transfers were made to or for the benefit of Defendants and not SFE.

129.    Further, during the time frame May 9, 2014, through May 8, 2018, SFE made payments to Wells Fargo in the total amount of $17,772.00 for charges made on the 5122 Account.

130.    While certain charges on the 5122 Account appear to be business related, the 5122 Personal Charges are personal in nature.

131.    The 5122 Personal Charge Transfers were made to or for the benefit of Defendants and not SFE.

4841-4815-3297, v. 1

132.    Further, from May 9, 2014 through May 8, 2018, SFE made the 0793 Transfers, collectively with the 9867 Account Transfers, the AmEx Personal Charge Transfers, the 3207 Personal Charge Transfers, the 5783 Personal Charge Transfers, the 5791 Personal Charge Transfers, the 5130 Personal Charge Transfers, and the 5122 Personal Charge Transfers, the "**GA Voidable Transfers**."

133.    SFE received less than a reasonably equivalent value in exchange for the GA Voidable Transfers.

134.    SFE was insolvent on the dates that the GA Voidable Transfers were made or became insolvent as a result of the GA Voidable Transfers.

135.    Alternatively, SFE made such transfer to or for the benefit of an insider, under an employment contract and not in the ordinary course of SFE's business.

136.    Under Section 544 of the Bankruptcy Code and O.C.G.A. § 18-2-75(a), Trustee is entitled to an order and judgment avoiding the GA Voidable Transfers, in an amount to be determined at trial.

## COUNT VII – Recovery of Post-Petition Transfers Pursuant to 11 U.S.C. § 549

137.    Trustee repeats and reasserts the allegations of the foregoing paragraphs as if set forth fully herein.

138.    To the extent that Defendant received a transfer that occurred before the Petition Date and that cleared after the Petition Date, such transfer(s) were unauthorized post-petition transfers ("**Post-Petition Transfers**") and are avoidable under 11 U.S.C. § 549.

## COUNT VIII – Recovery of Preferential Transfers to 11 U.S.C. § 550

139.    Trustee repeats and reasserts the allegations of the foregoing paragraphs as if set forth fully herein.

140.    Collectively, the Insider Preference Transfers, Actual Fraudulent Transfers, Voidable Transfers, GA Insider Preference Transfers, GA Actual Fraudulent Transfers, GA Voidable Transfers and the Post-Petition Transfers may be referred to herein as the "**Transfers**."

141.    Defendants are the initial transferee of the Transfers or the persons for whose benefit the Transfers were made, or the immediate or mediate transferees of the initial transferee receiving such Transfers.

142.    Under Section 550 of the Bankruptcy Code, Trustee is entitled to recover the avoided Transfers or the amount of the avoided Transfers from Defendants.

**COUNT IX – Disallowance of Defendants' Claim(s) Pursuant to 11 U.S.C. § 502(d)**

143.    Trustee repeats and reasserts the allegations of the foregoing paragraphs as if set forth fully herein.

144.    Defendants are transferees of Transfers avoidable under Sections 544, 547, 548 and/or 549 of the Bankruptcy Code.

145.    As a result of Defendants' receipt of the Transfers as alleged hereinabove and pursuant to Section 502(d) of the Bankruptcy Code, the Court is required to disallow any claim of Defendants against SFE ("**Claims**"), whether asserted in a proof of claim or scheduled on SFE's schedule of assets and liabilities, until or unless Defendant pays to Trustee the amount of the Transfers for which Defendants are liable to SFE under Section 544, 547, 548, 549, and/or 550 of the Bankruptcy Code.

**TRANSFERS**

146.    Attached hereto as composite Exhibit "A" are lists of the Transfers, separated by account, known to date.

## **RESERVATION OF RIGHTS**

147.    Trustee's intent through the filing of this Complaint is to recover <u>all</u> transfers made by SFE to or for the benefit of Defendant during the applicable time periods and as such hereby expressly reserves its right to amend this Complaint to seek to recover any additional transfers received by Defendants or that provided a benefit to Defendants during the applicable time periods that may be discovered after the filing of this Complaint, including but not limited to the Payments.

**WHEREFORE**, Trustee respectfully requests that the Court enter judgment in her favor:

(a)    That all Transfers avoidable under 11 U.S.C. § 547 in the aggregate amount of $19,537.25 be avoided;

(b)    That all Transfers avoidable under 11 U.S.C. §§ 548 and/or 549 in an amount not less than $63,181.79, to be proven at trial, be avoided;

(c)    That all Transfers avoidable under 11 U.S.C. § 544, and O.C.G.A. §§ 18-2-74 and 75, in an amount not less than $63,181.79, to be proven at trial, be avoided;

(d)    That all Transfers avoidable under 11 U.S.C. §§ 544, 547, 548 and/or 549 and O.C.G.A. §§ 18-2-74, 18-2-75, be recovered by Trustee pursuant to 11 U.S.C. § 550;

(e)    Judgment in an amount not less than $63,181.79, to be proven at trial;

(f)    Disallowing, in accordance with 11 U.S.C. § 502(d), any Claims held by Defendants and/or their assignees until Defendants satisfy the judgment;

(g)    Awarding pre-judgment interest at the maximum legal rate running from the date of each Transfer to the date of judgment herein;

(h)    Awarding post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

4841-4815-3297, v. 1

(i)      Requiring Defendants to pay forthwith the judgment amount awarded in favor of

Trustee;

(j)      Awarding attorneys' fees and costs of suit to Trustee; and

(k)      Granting Trustee such other and further relief as the Court deems just and proper.

Respectfully submitted, this 9th day of November 2020.

**SMALL HERRIN, LLP**
Counsel to Cathy L. Scarver, Chapter 7 Trustee

By:    _/s/ Anna M. Humnicky_
        Anna M. Humnicky
        Georgia Bar No. 377850

2727 Paces Ferry Road
Building 2, Suite 200
Atlanta, GA 30339
(P) (770) 857-4770
ahumnicky@smallherrin.com

Page -20-

4841-4815-3297, v. 1

# EXHIBIT "A"

**Transfers to 9867 Acccount from SFE bank account**

| Date | Amount |
|------|--------|
| 2/22/2017 | ($300.00) |
| 2/27/2017 | ($250.00) |
| 3/7/2017 | ($2,000.00) |
| 3/9/2017 | ($300.00) |
| 3/14/2017 | ($100.00) |
| 3/22/2017 | ($300.00) |
| 3/24/2017 | ($1,000.00) |
| 4/4/2017 | ($500.00) |
| 4/5/2017 | ($50.00) |
| 4/6/2017 | ($250.00) |
| 4/17/2017 | ($500.00) |
| 4/19/2017 | ($1,000.00) |
| 4/27/2017 | ($500.00) |
| 5/1/2017 | ($300.00) |
| 5/2/2017 | ($200.00) |
| 5/3/2017 | ($200.00) |
| 5/8/2017 | ($500.00) |
| 5/10/2017 | ($1,000.00) |
| 5/11/2017 | ($2,600.00) |
| 5/24/2017 | ($500.00) |
| 5/31/2017 | ($500.00) |
| 6/1/2017 | ($250.00) |
| 6/6/2017 | ($150.00) |
| 6/7/2017 | ($250.00) |
| 6/14/2017 | ($250.00) |
| 6/15/2017 | ($100.00) |
| 6/19/2017 | ($200.00) |
| 6/20/2017 | ($200.00) |
| 6/20/2017 | ($150.00) |
| 6/22/2017 | ($200.00) |
| 6/23/2017 | ($300.00) |
| 6/23/2017 | ($100.00) |
| 6/30/2019 | ($250.00) |
| 7/21/2017 | |
| 7/5/2017 | ($100.00) |
| 7/6/2017 | ($500.00) |
| 7/11/2017 | ($200.00) |
| 7/17/2017 | ($150.00) |
| 7/18/2017 | ($500.00) |
| 7/18/2017 | ($25.00) |
| 7/25/2017 | ($150.00) |

| Date | Amount |
|---|---|
| 7/27/2017 | ($200.00) |
| 8/1/2017 | ($250.00) |
| 8/1/2017 | ($200.00) |
| 8/1/2017 | ($100.00) |
| 8/3/2017 | ($200.00) |
| 8/8/2017 | ($150.00) |
| 8/9/2017 | ($1,100.00) |
| 8/9/2017 | ($250.00) |
| 8/15/2017 | ($350.00) |
| 8/15/2017 | ($150.00) |
| 8/15/2017 | ($75.00) |
| 8/15/2017 | ($50.00) |
| 8/21/2017 | ($200.00) |
| 8/29/2017 | ($150.00) |
| 9/15/2017 | ($450.00) |
| 9/18/2017 | ($300.00) |
| 9/26/2017 | ($400.00) |
| 9/26/2017 | ($350.00) |
| 11/14/2017 | ($250.00) |
| 11/16/2017 | ($290.00) |
| 12/12/2017 | ($200.00) |
| 1/3/2018 | ($50.00) |
| 1/5/2018 | ($50.00) |
| 1/8/2018 | ($50.00) |
| 1/11/2018 | ($50.00) |
| 1/12/2018 | ($30.00) |
| 1/24/2018 | ($240.00) |
| 1/30/2018 | ($200.00) |
| 2/1/2018 | ($60.00) |
| 2/16/2018 | ($292.00) |
| 2/20/2018 | ($40.00) |
| 2/20/2018 | ($10.00) |
| 2/21/2018 | ($40.00) |
| 2/22/2018 | ($350.00) |
| 2/27/2018 | ($50.00) |
| 2/27/2018 | ($25.00) |
| 2/27/2018 | ($10.00) |
| 2/27/2018 | ($10.00) |
| 3/1/2018 | ($300.00) |
| 3/1/2018 | ($50.00) |
| 3/2/2018 | ($200.00) |
| 3/6/2018 | ($20.00) |
| 3/8/2018 | ($200.00) |
| 3/8/2018 | ($30.00) |
| 3/12/2018 | ($20.00) |
| 3/13/2018 | ($65.00) |

| Date | Amount | |
|---|---|---|
| 3/13/2018 | ($10.00) | |
| 3/14/2018 | ($100.00) | |
| 3/14/2018 | ($20.00) | |
| 3/15/2018 | ($100.00) | |
| 3/16/2018 | ($300.00) | |
| 3/19/2018 | ($100.00) | |
| 3/19/2018 | ($100.00) | |
| 3/19/2018 | ($30.00) | |
| 3/20/2018 | ($150.00) | |
| 3/20/2018 | ($100.00) | |
| 3/20/2018 | ($100.00) | |
| 3/21/2018 | ($100.00) | |
| 3/22/2018 | ($225.00) | |
| 3/23/2018 | ($250.00) | |
| 3/23/2018 | ($200.00) | |
| 3/23/2018 | ($100.00) | |
| 3/23/2018 | ($20.00) | |
| 3/26/2018 | ($100.00) | |
| 3/27/2018 | ($100.00) | |
| 3/27/2018 | ($50.00) | |
| 3/27/2018 | ($45.00) | |
| 3/27/2018 | ($30.00) | |
| 3/27/2018 | ($25.00) | |
| 3/27/2018 | ($10.00) | |
| 3/28/2018 | ($50.00) | |
| 3/28/2018 | ($30.00) | |
| 3/28/2018 | ($15.00) | |
| 4/2/2018 | ($140.00) | |
| 4/2/2018 | ($40.00) | |
| 4/3/2018 | ($15.25) | |
| 4/9/2018 | ($150.00) | |
| **Total** | (19,537.25) | 1 year transfers |
| **Total** | (27,787.25) | 4 year transfers |

**SFE payments to Wells Fargo on 5122 Account**

| Date | Amount |
|------|--------|
| 4/11/2017 | $264.00 |
| 4/25/2017 | $125.00 |
| 4/27/2017 | $300.00 |
| 5/3/2017 | $350.00 |
| 5/3/2017 | $150.00 |
| 5/10/2017 | $250.00 |
| 5/17/2017 | $400.00 |
| 5/23/2017 | $300.00 |
| 5/24/2017 | $200.00 |
| 5/31/2017 | $250.00 |
| 6/20/2017 | $200.00 |
| 6/21/2017 | $350.00 |
| 6/23/2017 | $200.00 |
| 6/30/2017 | $200.00 |
| 7/5/2017 | $750.00 |
| 7/10/2017 | $200.00 |
| 7/11/2017 | $325.00 |
| 7/17/2017 | $150.00 |
| 7/25/2017 | $350.00 |
| 7/25/2017 | $100.00 |
| 7/26/2017 | $200.00 |
| 8/8/2017 | $750.00 |
| 8/8/2017 | $260.00 |
| 8/14/2017 | $350.00 |
| 8/17/2017 | $100.00 |
| 8/25/2017 | $200.00 |
| 9/1/2017 | $300.00 |
| 9/1/2017 | $150.00 |
| 9/6/2017 | $400.00 |
| 9/19/2017 | $274.00 |
| 9/21/2017 | $500.00 |
| 9/26/2017 | $200.00 |
| 10/11/2017 | $175.00 |
| 10/16/2017 | $150.00 |
| 10/16/2017 | $86.00 |
| 10/19/2017 | $200.00 |
| 11/1/2017 | $200.00 |
| 11/8/2017 | $150.00 |
| 11/14/2017 | $280.00 |
| 11/20/2017 | $200.00 |
| 11/20/2017 | $100.00 |
| 12/1/2017 | $200.00 |
| 12/6/2017 | $500.00 |
| 12/11/2017 | $2,800.00 |

| Date | Amount |
|---|---|
| 12/12/2017 | $25.00 |
| 12/20/2017 | $120.00 |
| 12/22/2017 | $110.00 |
| 1/3/2018 | $150.00 |
| 1/8/2018 | $125.00 |
| 1/17/2018 | $250.00 |
| 1/17/2018 | $125.00 |
| 1/18/2018 | $150.00 |
| 1/31/2018 | $100.00 |
| 2/6/2018 | $200.00 |
| 2/9/2018 | $200.00 |
| 2/13/2018 | $83.00 |
| 2/21/2018 | $300.00 |
| 2/21/2018 | $100.00 |
| 2/22/2018 | $50.00 |
| 2/22/2018 | $50.00 |
| 3/2/2018 | $200.00 |
| 3/15/2018 | $255.00 |
| 3/23/2018 | $260.00 |
| 3/26/2018 | $20.00 |
| 3/27/2018 | $210.00 |
| 3/28/2018 | $100.00 |
| 4/2/2018 | $100.00 |
| 4/5/2018 | $100.00 |
| 4/9/2018 | $100.00 |
| 4/9/2018 | $150.00 |
| **Total** | $17,772.00 |

**SFE payments to Wells Fargo on 5130 Account**

| Date | Amount |
|------|--------|
| 4/11/2017 | $139.00 |
| 4/25/2017 | $125.00 |
| 5/2/2017 | $200.00 |
| 5/3/2017 | $250.00 |
| 5/18/2017 | $300.00 |
| 6/13/2017 | $300.00 |
| 6/14/2017 | $147.00 |
| 7/10/2017 | $350.00 |
| 7/25/2017 | $100.00 |
| 8/16/2017 | $137.00 |
| 8/25/2017 | $100.00 |
| 8/28/2017 | $80.00 |
| 9/26/2017 | $149.00 |
| 11/1/2017 | $100.00 |
| 11/7/2017 | $50.00 |
| 11/8/2017 | $37.00 |
| 11/20/2017 | $30.00 |
| 12/1/2017 | $119.00 |
| 12/8/2017 | $25.00 |
| 12/20/2017 | $30.00 |
| 1/3/2018 | $86.00 |
| 1/31/2018 | $138.00 |
| 3/22/2018 | $10.00 |
| 3/5/2018 | $189.00 |
| 3/26/2018 | $49.08 |
| 4/2/2018 | $84.92 |
| 4/9/2018 | $1,636.00 |
| **Total** | $4,822.00 |

**SFE payments to Wells Fargo on 3207 Account**

| Date | Amount |
|---|---|
| 4/15/2016 | $1,000.00 |
| 4/19/2016 | $800.00 |
| 4/25/2016 | $400.00 |
| 11/29/2016 | $411.00 |
| 3/14/2017 | $250.00 |
| 3/14/2017 | $40.00 |
| 5/3/2017 | $1,000.00 |
| 6/5/2017 | $350.00 |
| 6/13/2017 | $250.00 |
| 6/23/2017 | $250.00 |
| 8/1/2017 | $250.00 |
| **Total** | $5,001.00 |

**SFE payments to Wells Fargo on 5791 Account**

| Date | Amount |
|------|--------|
| 3/2/2015 | $500.00 |
| 3/3/2015 | $250.00 |
| 2/5/2016 | $1,000.00 |
| 3/7/2016 | $1,939.05 |
| 3/8/2016 | $256.00 |
| 3/23/2016 | $300.00 |
| 4/11/2016 | $500.00 |
| 4/19/2016 | $500.00 |
| 5/11/2016 | $129.00 |
| 5/23/2016 | $200.00 |
| 6/24/2016 | $142.00 |
| 7/5/2016 | $500.00 |
| 8/9/2016 | $500.00 |
| 8/31/2016 | $72.29 |
| 9/7/2016 | $300.00 |
| 9/14/2016 | $500.00 |
| 9/14/2016 | $400.00 |
| 9/15/2016 | $300.00 |
| 9/20/2016 | $500.00 |
| 9/29/2016 | $50.00 |
| 10/4/2016 | $40.00 |
| 10/13/2016 | $500.00 |
| 10/31/2016 | $100.00 |
| 11/7/2016 | $200.00 |
| 11/8/2016 | $198.00 |
| 11/10/2016 | $250.00 |
| 11/17/2016 | $100.00 |
| 11/22/2016 | $250.00 |
| 11/23/2016 | $1,000.00 |
| 12/1/2016 | $500.00 |
| 12/22/2016 | $1,000.00 |
| 12/27/2016 | $250.00 |
| 12/28/2016 | $250.00 |
| 1/18/2017 | $115.00 |
| 1/24/2017 | $360.08 |
| 1/27/2017 | $250.00 |
| 2/1/2017 | $250.00 |
| 3/7/2017 | $200.00 |
| 3/7/2017 | $100.00 |
| 3/15/2017 | $170.00 |
| 3/28/2017 | $250.00 |
| **Total** | $15,171.42 |

**SFE payments to Wells Fargo on 5783 Account**

| Date | Amount |
|------|--------|
| 1/28/2015 | $2,000.00 |
| 2/3/2015 | $1,000.00 |
| 3/26/2015 | $3,000.00 |
| 3/26/2015 | $500.00 |
| 3/26/2015 | $166.84 |
| 5/22/2015 | $250.00 |
| 6/11/2015 | $500.00 |
| 7/10/2015 | $1,500.00 |
| 10/8/2015 | $264.00 |
| 10/8/2015 | $264.00 |
| 10/8/2015 | $56.75 |
| 2/5/2016 | $2,000.00 |
| 2/23/2016 | $500.00 |
| 2/26/2016 | $500.00 |
| 3/1/2016 | $1,055.08 |
| 3/1/2016 | $1,055.06 |
| 3/2/2016 | $1,055.06 |
| 3/2/2016 | $323.00 |
| 4/6/2016 | $1,000.00 |
| 4/11/2016 | $1,000.00 |
| 5/4/2016 | $2,200.00 |
| 5/9/2016 | $500.00 |
| 5/9/2016 | $500.00 |
| 5/24/2016 | $550.00 |
| 6/3/2016 | $2,000.00 |
| 6/14/2016 | $233.00 |
| 6/28/2016 | $600.00 |
| 7/6/2016 | $500.00 |
| 7/25/2016 | $669.29 |
| 7/27/2016 | $100.00 |
| 8/2/2016 | $300.00 |
| 8/4/2016 | $500.00 |
| 8/9/2016 | $500.00 |
| 9/7/2016 | $500.00 |
| 9/9/2016 | $500.00 |
| 9/16/2016 | $250.00 |
| 9/16/2016 | $200.00 |
| 9/20/2016 | $500.00 |
| 9/27/2016 | $500.00 |
| 11/2/2016 | $300.00 |
| 11/7/2016 | $300.00 |
| 11/8/2016 | $254.00 |
| 11/10/2016 | $500.00 |
| 11/22/2016 | $250.00 |

| | |
|---|---|
| 12/2/2016 | $700.00 |
| 12/13/2016 | $500.00 |
| 12/15/2016 | $250.00 |
| 12/22/2016 | $1,000.00 |
| 12/23/2016 | $500.00 |
| 12/27/2016 | $250.00 |
| 1/18/2017 | $287.00 |
| 2/1/2017 | $250.00 |
| 2/15/2017 | $150.00 |
| 3/6/2017 | $200.00 |
| 3/8/2017 | $100.00 |
| 3/8/2017 | $100.00 |
| 3/15/2017 | $151.00 |
| 3/23/2017 | $150.00 |
| 3/28/2017 | $250.00 |
| 3/28/2017 | $200.00 |
| 3/31/2017 | $900.00 |
| **Total** | $37,134.08 |

**0793 Account Payments to/for benefit of Defendants**

| Date | Payee | Amount |
|---|---|---|
| 5/20/2014 | Kirin Asain | $36.81 |
| 6/9/2014 | EZ Grocery | $14.67 |
| 6/10/2014 | Chateau Elan | $31.38 |
| 6/10/2014 | Taco Bell | $13.02 |
| 6/20/2014 | Kirin Asain | $35.43 |
| 6/16/2014 | WF | $748.60 |
| 7/11/2014 | Temple Emanuel | $270.00 |
| 7/23/2014 | WF | $814.52 |
| 9/12/2014 | Accupressure of NP | $44.00 |
| 9/19/2014 | Publix | $5.35 |
| 9/25/2014 | Starbucks | $8.61 |
| 9/25/2014 | Publix | $2.56 |
| 10/10/2014 | Publix | $72.95 |
| 10/10/2014 | Vineyard | $50.13 |
| 10/10/2014 | Vineyard | $4.92 |
| 10/10/2014 | QT | $4.36 |
| 12/24/2014 | Unknown | $120.00 |
| 12/8/2014 | Maggianos | $103.93 |
| 12/8/2014 | Lulumeon Shops | $57.24 |
| 12/8/2014 | Buckhead Bread | $39.45 |
| 12/9/2014 | La Madeline | $17.25 |
| 3/31/2015 | Bucks Coffee | $22.68 |
| 8/31/2015 | Unknown | $1,000.00 |
| 9/29/2015 | Pinstripes | $14.51 |
| 10/22/2015 | ATM w/d | $200.00 |
| 10/22/2015 | Costco | $404.56 |
| 10/22/2015 | BP | $48.44 |
| 10/26/2015 | IKEA | $876.79 |
| 10/27/2015 | ATM w/d | $40.00 |
| 11/5/2015 | Costco | $442.69 |
| 11/5/2015 | Bed Bath & Beyond | $91.35 |
| 11/30/2015 | ATM w/d | $123.00 |
| 12/9/2015 | Moore AC | $956.00 |
| 12/7/2015 | E.C. Buckhead | $270.00 |
| 12/9/2015 | W/D | $1,712.14 |
| 12/1/2015 | ATM w/d | $300.00 |
| 12/1/2015 | Cancun Mex Rest | $44.08 |
| 12/1/2015 | Bull River Beverage | $34.22 |
| 12/1/2015 | Bull River Beverage | $23.08 |

| Date | Description | Amount |
|---|---|---|
| 12/15/2015 | ATM w/d | $123.50 |
| 12/15/2015 | Costco | $657.98 |
| 12/17/2015 | Trader Joe's | $89.58 |
| 1/15/2016 | Made in the Shade Land | $1,000.00 |
| 1/5/2016 | Michael's | $24.39 |
| 1/7/2016 | ATM w/d | $143.50 |
| 1/20/2016 | ATM w/d | $123.50 |
| 1/26/2016 | Willys | $17.26 |
| 2/10/2016 | Costco | $92.16 |
| 2/24/2016 | ATM w/d | $140.00 |
| 3/15/2016 | Salon 124 | $66.00 |
| 3/15/2016 | Target | $4.59 |
| 3/28/2016 | ATM w/d | $263.50 |
| 3/28/2016 | ATM w/d | $140.00 |
| 3/30/2016 | ATM w/d | $200.00 |
| 4/5/2016 | Katie Sanders | $1,500.00 |
| 4/14/2016 | Katie Sanders | $1,000.00 |
| 4/22/2016 | Katie Sanders | $700.00 |
| 4/27/2016 | Katie Sanders | $500.00 |
| 4/29/2016 | Unknown | $541.30 |
| 4/4/2016 | ATM w/d | $260.00 |
| 4/7/2016 | Jeju Sauna | $11.08 |
| 4/11/2016 | ATM w/d | $200.00 |
| 4/15/2016 | El Torero | $49.37 |
| 4/15/2016 | Dollar Tree | $3.97 |
| 4/18/2016 | Sake Japan | $70.75 |
| 4/19/2016 | Corner Pizza | $19.21 |
| 4/19/2016 | Krystal | $5.35 |
| 4/27/2016 | Costco | $299.57 |
| 4/28/2016 | Ceviche | $29.86 |
| 5/4/2016 | The Fall of Autry Mill | $37.50 |
| 5/5/2016 | Katie Sanders | $500.00 |
| 5/5/2016 | ATM w/d | $200.00 |
| 5/10/2016 | ATM w/d | $203.50 |
| 5/16/2016 | ATM w/d | $200.00 |
| 5/4/2016 | Jason Sanders | $300.00 |
| 5/10/2016 | Jason Sanders | $3,000.00 |
| 6/14/2016 | ATM w/d | $200.00 |
| 6/21/2016 | ATM w/d | $260.00 |
| 6/24/2016 | ATM w/d | $353.50 |
| 6/27/2016 | Pig N. Chik | $16.50 |
| 7/6/2016 | ATM w/d | $160.00 |

| Date | Description | Amount |
|---|---|---|
| 7/19/2016 | Chick Fil A | $23.20 |
| 8/2/2016 | Katie Sanders | $500.00 |
| 8/5/2016 | Katie Sanders | $200.00 |
| 8/5/2016 | Katie Sanders | $250.00 |
| 8/16/2016 | 92 Threads | $188.08 |
| 8/25/2016 | 92 Threads | $42.75 |
| 8/23/2016 | Katie Sanders | $120.00 |
| 9/30/2016 | Scottsdale Farms | $33.36 |
| 9/29/2016 | The Fall of Autry Mill | $37.50 |
| 11/25/2016 | Publix | $188.55 |
| 11/25/2016 | Publix | $150.00 |
| 1/18/2017 | 92 Threads | $44.89 |
| 1/26/2017 | Made in the Shade Land | $200.00 |
| 2/24/2017 | Publix | $133.00 |
| 5/10/2017 | Publix | $49.00 |
| 6/26/2017 | The Whacky Schoolers | $20.00 |
| 7/10/2017 | The Freedom Center | $1,200.00 |
| 7/11/2017 | Unknown | $16.45 |
| 9/21/2017 | 92 Threads | $34.48 |
| 9/8/2017 | ATM w/d | $43.50 |
| 9/8/2017 | Publix | $4.31 |
| 9/8/2017 | Publix | $4.31 |
| 9/11/2017 | ATM w/d | $80.00 |
| 9/14/2017 | Piedmont Urgent Care | $100.00 |
| 9/21/2017 | Shell | $16.45 |
| 9/22/2017 | ATM w/d | $200.00 |
| 9/22/2017 | McDonald's | $3.21 |
| 10/4/2017 | ATM w/d | $43.50 |
| 10/4/2017 | Publix | $77.40 |
| 10/23/2017 | Burger King | $6.22 |
| 10/24/2017 | ATM w/d | $43.50 |
| 10/27/2017 | CVS | $146.06 |
| 10/30/2017 | ATM w/d | $43.50 |
| 10/31/2017 | Orbitz | $96.97 |
| 11/30/2017 | Unknown | $400.00 |
| 11/2/2017 | Amazon | $27.48 |
| 11/2/2017 | Amazon | $19.99 |
| 11/7/2017 | ATM w/d | $53.50 |
| 11/7/2017 | ATM w/d | $23.50 |
| 11/8/2017 | ATM w/d | $23.50 |
| 11/8/2017 | ATM w/d | $100.00 |
| 11/14/2017 | Amazon | $30.00 |

| | | |
|---|---|---:|
| 11/22/2017 | Kroger | $60.90 |
| 11/24/2017 | ABM Atlanta Airport | $3.00 |
| 11/27/2107 | The Colonade | $73.56 |
| 12/6/2017 | ATM w/d | $23.50 |
| 12/6/2017 | ATM w/d | $20.00 |
| 12/7/2017 | Amazon | $14.95 |
| 12/12/2017 | ATM w/d | $23.50 |
| 12/14/2017 | ATM w/d | $23.50 |
| 12/14/2017 | Shell | $14.02 |
| 12/14/2017 | Amazon | $6.99 |
| 12/22/2017 | ATM w/d | $43.50 |
| 12/29/2017 | Amazon | $39.95 |
| 1/16/2018 | W/D | $975.00 |
| 1/17/2018 | W/D | $60.00 |
| 1/3/2018 | ATM w/d | $40.00 |
| 1/3/2018 | ATM w/d | $40.00 |
| 1/3/2018 | Amazon | $71.08 |
| 1/3/2018 | CVS | $6.79 |
| 1/3/2018 | ATM w/d | $23.50 |
| 1/5/2018 | Starbucks | $10.29 |
| 1/5/2018 | Shell | $8.28 |
| 1/5/2018 | Shell | $5.45 |
| 1/5/2018 | Shell | $2.58 |
| 1/9/2018 | ATM w/d | $33.50 |
| 1/9/2018 | Amazon | $99.00 |
| 1/12/2018 | Target | $25.38 |
| 1/17/2018 | Amazon | $6.99 |
| 1/18/2018 | Pho Roswell | $24.98 |
| 1/25/2018 | Your Pie | $55.52 |
| 1/29/2018 | Decatur Pure Gas | $15.00 |
| 1/29/2018 | Taqueria Tsunami | $14.79 |
| 1/30/2018 | City of Decatur | $4.00 |
| 2/2/2018 | Target | $48.75 |
| 2/2/2018 | CVS | $31.98 |
| 2/6/2018 | Rojo Concina | $49.21 |
| 2/8/2018 | ATM w/d | $40.00 |
| 2/8/2018 | Leaping Liz Liquor | $7.53 |
| 2/9/2018 | Taco Bell | $4.29 |
| 2/12/2018 | Dollar Tree | $16.92 |
| 2/15/2018 | Shell | $10.00 |
| 2/20/2018 | ATM w/d | $40.00 |
| 2/20/2018 | Chevron | $9.82 |

| Date | Description | Amount |
|---|---|---|
| 2/21/2018 | Self Authoring.com | $23.92 |
| 2/22/2018 | BP | $20.00 |
| 2/23/2018 | ATM w/d | $80.00 |
| 2/23/2018 | ATM w/d | $40.00 |
| 2/23/2018 | CK | $12.09 |
| 2/26/2018 | Racetrac | $7.07 |
| 2/27/2018 | ATM w/d | $50.00 |
| 2/27/2018 | Uly Tow Truck | $75.00 |
| 4/5/2018 | Shell | $62.79 |
| 4/5/2018 | GrubHub | $46.17 |
| 4/24/2018 | Pizza Hut | $24.10 |
| **Total** | | $30,393.44 |

**SFE payments to American Express**

| Date | Amount |
|---|---|
| 5/20/2014 | $17,665.62 |
| 6/19/2014 | $4,905.50 |
| 7/22/2014 | $14,287.48 |
| 8/28/2014 | $1,903.03 |
| 10/28/2014 | $3,897.42 |
| 12/31/2014 | $7,768.38 |
| 2/19/2015 | $1,164.97 |
| 3/9/2015 | $452.00 |
| 4/28/2015 | $1,680.19 |
| 5/18/2015 | $1,000.00 |
| 6/10/2015 | $957.42 |
| 7/2/2015 | $391.18 |
| 7/20/2015 | $500.00 |
| 8/10/2015 | $113.81 |
| 9/9/2015 | $341.00 |
| 10/9/2015 | $558.00 |
| 11/9/2015 | $551.79 |
| 11/13/2015 | $84.87 |
| 11/16/2015 | $1,000.00 |
| 12/3/2015 | $2,000.00 |
| 12/18/2015 | $4,000.00 |
| 12/8/2015 | $500.00 |
| 1/6/2016 | $5,000.00 |
| 2/5/2016 | $1,000.00 |
| 3/9/2016 | $633.26 |
| 4/11/2016 | $717.06 |
| 5/9/2016 | $771.20 |
| 6/9/2016 | $738.22 |
| 6/27/2016 | $806.18 |
| 8/9/2016 | $1,103.28 |
| 9/9/2016 | $3,795.49 |
| 10/6/2016 | $4,730.93 |
| 10/7/2016 | $200.00 |
| 11/14/2016 | $5,409.73 |
| 12/19/2016 | $2,492.22 |
| 1/20/2017 | $1,203.35 |
| 2/21/2017 | $730.68 |
| 3/15/2017 | $676.19 |
| 4/19/2017 | $1,300.14 |
| 5/18/2017 | $835.21 |
| 6/22/2017 | $703.74 |
| 7/20/2017 | $684.30 |
| 8/18/2017 | $3,176.48 |
| 9/19/2017 | $1,418.89 |

| | |
|---|---|
| 10/30/2017 | $970.00 |
| 10/30/2017 | $1.00 |
| **Total** | $104,820.21 |